IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 SEP -8 PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

LEWIS WILLIAM WARD, JR. )
    Plaintiff, )
  )
v. ) CV-94-P-1951-S
  )
WILLIAM J. HENDERSON, )
Postmaster General, )
        Defendant )

ENTERED
SEP 0 9 1999

### Opinion

Before this Court is Defendant's Motion to Dismiss or alternatively for Summary Judgment. For the reasons expressed below, the Court hereby grants Defendant's motion.

### Facts

On August 10, 1994, Plaintiff filed his original complaint in this case, alleging that his former employer, the United States Postal Service, discriminated against him based upon his race. On April 28, 1995, Defendant filed a motion to dismiss, or alternatively for summary judgment. While that motion was pending, this Court allowed Plaintiff to withdraw his lawsuit without prejudice, pending submission to the Office of Personnel Management ("OPM") of an application for disability retirement. On January 14, 1999, Plaintiff filed a motion to re-open his case because of the OPM's denial of disability benefits. On May 4, 1999, this Court granted Plaintiff's pro se motion to re-open this case in order to assert a new claim for denial of disability benefits by the Office of Personnel Management. Since the reopening of the case, both Plaintiff and Defendant have filed motions for summary judgment and/or motions to dismiss.

### Plaintiff's Claims

#### A. Disability Benefits Denial

Any of Plaintiff's claims which relate to his denial of disability benefits by the OPM are due to be dismissed because this Court lacks subject matter jurisdiction over such claims. Decisions made by the OPM concerning disability retirement must first be appealed to the Merit Systems Protection Board ("MSPB"). See 5 U.S.C. 8347 (1980). Furthermore, pursuant to the provisions of 5 U.S.C. § 7703(a) and (b), the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the MSPB which did not involve claims of discrimination. However, if the appellant also raises claims of prohibited discrimination in the subject MSPB appeal, jurisdiction lies in the appropriate United States District Court. Doyle v. Marsh, 777 F.2d 1526, 1535 (11th Cir. 1985)(Explaining that an employee who does not allege that a basis of the agency action was discrimination may appeal to the Court of Appeals, and that an employee who does allege



discrimination may immediately file suit in a district court).

In the present case, Plaintiff's appeal of the MSPB's decision should have been filed with the United States Court of Appeals for the Federal Circuit. Plaintiff's application for disability retirement was denied by the OPM in April of 1996. His application for reconsideration was denied on February 5, 1997. Thereafter, Plaintiff appealed OPM's decision to the Merit Systems Protection Board ("MSPB"). On May 30, 1997, the MSPB administrative judge issued an initial decision dismissing Plaintiff's appeal because the appeal was not timely filed within thirty-five (35) days of the issuance of OPM's February 5, 1997 decision. Plaintiff then petitioned the full Board to review this decision of the administrative judge. On December 9, 1997, the MSPB denied Plaintiff's petition. There is no indication that there were any allegations of discrimination in either of Plaintiff's appeals to the MSPB administrative judge and board in this case.[1] Therefore, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over Plaintiff's claim in this case. See 5 U.S.C. § 7703(b)(1) (1982).

Even if Plaintiff had alleged discrimination in his appeal, this Court would still lack jurisdiction to review the MSPB decision because Plaintiff did not timely initiate his request for judicial review. See Bragg v. Keohane, 820 F.2d 402, 404 (Fed. Cir. 1987)(holding that the timely filing requirement of 5 U.S.C. § 7703(b)(1) (1980) is jurisdictional). Plaintiff was advised of his right to obtain judicial review of the MSPB's final decision in both the initial decision of the administrative judge on May 30, 1997 and the December 9, 1997 denial of his petition for review. The Plaintiff was also notified in the MSPB's December 9, 1997 decision that any petition for review must be filed within thirty (30) days after receipt of the order.[2] Nevertheless, Plaintiff waited over a year before bringing the issue before this Court.[3] Accordingly, even if this Court had jurisdiction under 5 U.S.C. § 7703(b)(2) to review the MSPB's decision, Plaintiff's claims are time-barred in this case.

### B. ADA Claim

To the extent that Plaintiff seeks to assert an independent claim against the Postal Service under the Americans With Disabilities Act, such a claim is also inappropriate. The ADA expressly exempts from coverage "the United States or any corporation wholly owned by the government of the United States." 42 U.S.C. § 12111(5)(B). Because the United States Postal Service is "an

---

[1] As explained in the notice and explanation to Rule 56 of the Federal Rules of Civil Procedure attached by this Court to the front of every motion docket, failure to respond to a motion for summary judgment "is an acknowledgment that the motion may be decided on the basis of the materials on file with the Clerk."

[2] 5 U.S.C. § 7703(b)(1) was amended in 1998 to provide that any petition for review with the United States Court of Appeals for the Federal Circuit should be made within 60 days after the date the petitioner received notice of the final decision of the Board. 5 U.S.C. § 7703(b)(2) still provides that appeals involving allegations of discrimination should be filed in U.S. District Court within 30 days after the date notice is received.

[3] Plaintiff's motion to reopen this case was not filed with this Court until January 14, 1999.

independent establishment of the executive branch of the Government of the United States," it is not subject to the ADA. See 39 U.S.C. § 201 (1970).

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, or alternatively for summary judgment, is hereby GRANTED.

Dated: _Sept. 8_, 1999

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Lewis William Ward, Jr.
  Mr. John Charles Bell